UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JOHN D. ANDERSON, JR.,  \*
    Petitioner  \*
                             \*
    v.  \*      CIVIL NO. L-07-234
                             \*      CRIM. NO. L-00-033
UNITED STATES OF AMERICA,  \*
    Respondent  \*
                             \*\*\*\*\*\*\*

MEMORANDUM

Now pending is pro se petitioner John D. Anderson, Jr.'s motion for a certificate of appealability ("COA"). Docket No. 645. Anderson seeks to appeal the Court's denial of his motion for relief pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the Court will, by separate Order of even date, DENY the motion in part and grant the motion IN PART.

**I.    Standard**

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Anderson to demonstrate that "reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings were also either debatable or wrong." United States v. Hinton, 120 Fed. Appx. 462, 464 (4th Cir. 2005) (citing Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)).

**II.    Analysis**

As a threshold matter, Anderson does not offer any specific reasons why he is entitled to a COA. Rather, Anderson argues that "the District Court committed a reversible error" and that "the records cannot conclusively show that the Petitioner is entitled to no relief." Standing

1

alone, these allegations do not meet the requisite standard of proof. Nevertheless, the Court must liberally construe Anderson's pro se motion and determine whether it has any ostensible merit.

A.   **Procedural Rulings**

First, no reasonable jurist could find that the Court's dispositive procedural rulings were debatable. Several of Anderson's claims were dismissed as time-barred because he filed them after the applicable statute of limitations had expired. The Court also dismissed several of Anderson's claims as procedurally defaulted because Anderson did not bring them on direct review and offered no explanation for his failure to do so. The facts and principles supporting the Court's conclusions on the issues are well established, and, therefore, these rulings need not be revisited.

B.   **Constitutional Claims**

Putting aside the procedurally barred claims, Anderson is left with his constitutional claim that his counsel, Mr. Anton Keating, Esquire, was ineffective. Anderson's seven ineffective assistance claims can be distilled to two arguments: (i) that Keating was ineffective in his representation of Anderson at trial, and (ii) that Keating was ineffective because he failed either to communicate a plea offer to Anderson or to accurately assess the Government's case and advise Anderson to pursue a plea agreement.

The Court ruled on the former claims on the paper record. Having reviewed the record a second time, no reasonable jurist could find that Keating's trial strategy in this novel, complex drug conspiracy trial was outside "the range of competence of demanded of attorneys required in criminal cases." Strickland v. Washington, 466 U.S. 668, 687 (1984).

The Court ruled on the latter claims after holding a hearing. During the hearing, the Court took testimony from Keating, Anderson, and Robert Harding and Martin Clarke, two Assistant United States Attorneys who prosecuted Anderson's case. Harding and Clarke testified

that, under the regulations of their office, plea offers must be in writing. Harding and Clarke also testified that they did not recall reducing a plea offer for Anderson to writing. Further, it is undisputed that the paper record does not include a formal plea offer. Given these facts, no reasonable jurist could conclude that a plea offer was made to Keating on behalf of Anderson.

Anderson and Keating's testimony on the issue of whether Keating failed to properly evaluate the strength of the Government's case and advise Anderson to pursue a plea agreement cannot be reconciled. Ultimately, the Court assessed the evidence and credited Keating's version of the events. Nevertheless, a reasonable jurist could consider the conflicting accounts and find Anderson's depiction of the facts more credible. Therefore, the Court will grant a COA on this limited issue.

## III. Conclusions

For the reasons stated herein, the Court will, by separate Order of even date, DENY Anderson's motion IN PART, GRANT the motion IN PART, and DIRECT the Clerk to CLOSE the case.


Dated this  1st  day of June, 2010            /s/
                                                    Benson Everett Legg
                                                    United States District Judge